HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD LEE HOSKIN and BLANCHE JANE HOSKIN, a married couple,

    Plaintiffs,

    v.

PIERCE COUNTY DEPUTY SHERIFF ROBERT LARSEN, personally and in his official capacity, et al.,

    Defendants.

Case No. C06-5559RBL

ORDER DENYING DEFENDANTS' PETITION FOR FEES AND COSTS

THIS MATTER comes before the Court on Defendants' Petition for Fees and Costs Pursuant to RCW 4.24.350 and 42 U.S.C. § 1988 [Dkt. #74]. The Court has reviewed the materials filed for and against the motion and does not believe that oral argument is necessary to resolve the motion. For the following reasons, defendants' motion is **DENIED**.

Defendants allege that plaintiffs' claims against them were malicious and without merit. Pursuant to state and federal statute each individual defendant seeks liquidated damages of $1,000, and the County seeks $3,000 in attorney fees incurred during trial.

42 U.S.C. § 1988 contemplates an award of fees to a defendant against a § 1983 plaintiff who has brought a frivolous claim. RCW 4.24.350 requires a showing of malice on the part of the plaintiff. *Wender v. Snohomish County*, 2007 U.S. Dist. LEXIS 81597. The elements of malicious prosecution are that the plaintiff (1) initiated or continued the principal action; (2) without probable cause and (3) with

malice; that (4) the principal action is terminated on the merits in favor of the defendant and (5) the principal action injured or damaged the defendant. *Clark v. Baines*, 150 Wn.2d 905, 911-12, 84 P.3d 245, 248 (2004).

The moving defendants allege that plaintiffs' claims against them were based on a fabricated story that was exposed as a lie to the jury, which returned a defense verdict in short order. Plaintiffs claim that some aspects of their story (the two-hand hair hold takedown and Mrs. Hoskin's opposition to a search of her home) were corroborated by some defense witnesses.

The Court found the story told by plaintiffs at trial to be, at times, preposterous. Of particular note was the claim by plaintiffs that Defendant Larsen picked up Mr. Hoskins (who was handcuffed laying on his stomach) by the handcuffs and lifted Hoskin (who according to medical records weighed 200-215 lbs) parallel to the ground at a height equal to Larsen's waist, then dropped him to the ground. This maneuver (known as a "Palestinian hanging") supposedly caused Mr. Hoskin to suffer a head injury. The Court is of the firm belief that had such an action been taken on the date in question, Mr. Hoskin would have suffered severe and permanent damage to his shoulders and Deputy Larsen would have experienced a lasting back injury. The Court is firmly convinced that at least this part of plaintiffs' story was made up.

The Court's conclusion regarding the plaintiffs' veracity at trial speaks in favor of the award requested by defendants. However, the Court is mindful that some material aspects of plaintiffs' story may have been true. Moreover, the Court is loathe to enter an award that would have a chilling effect on the ability of civil rights plaintiffs to vindicate their rights. *See Christiansberg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412 (1978). Though the question is a close one in this case, the Court, in the exercise of its discretion, rejects defendants' prayer for relief.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2008.

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2